

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00470-CR

David A. **MEDRANO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR4205
Honorable Melisa Skinner, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
            Luz Elena D. Chapa, Justice
            Jason Pulliam, Justice

Delivered and Filed:  September 9, 2015

DISMISSED

David A. Medrano entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to a felony offense. As part of his plea bargain, Medrano signed a separate "Waiver of Appeal". The trial court imposed sentence and signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Medrano filed his notice of appeal, the clerk sent copies of the certification and notice of appeal to this court. *See* TEX. R. APP. P. 25.2(e). The

clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d).

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and that the trial court denied permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). We have reviewed the clerk's record, and the trial court's certification appears to accurately state that this is a plea bargain case and Medrano does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

On August 6, 2015, we gave Medrano notice that the appeal would be dismissed unless written consent to appeal and an amended certification showing he has the right to appeal were signed by the trial judge and made part of the appellate record by August 27, 2015. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.–San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Neither written permission to appeal nor an amended certification showing Medrano has the right to appeal has been filed. We therefore dismiss this appeal.

PER CURIAM

Do not publish